IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| AMBER KOELLING, ) | |
| Plaintiff, ) | |
| ) | No. 14 CV 50018 |
| v. ) | |
| ) | Iain D. Johnston |
| CAROLYN W. COLVIN, Acting ) | Magistrate Judge |
| Commissioner of Social Security, ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

On October 16, 2015, the Court remanded this case for further evaluation of plaintiff Amber Koelling's application for child's disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. Dkt. 21. Ms. Koelling now seeks to recover her attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Dkt. 23.

In her fee petition, Ms. Koelling argues that she is entitled to a fee award under the EAJA because the Commissioner's position in defending the ALJ's decision was not substantially justified. In the motion, Ms. Koelling claims she is entitled to recover attorneys' fees above the statutory hourly rate of $125.00 because of an increase in the cost of living and a "special factor" within the meaning of § 2412(d)(2)(A), and looks to the Consumer Price Index national rate to justify an hourly rate of $191.38 for attorney time and $95 for legal assistants. *Id.* at 4. The Commissioner does not take issue with the plaintiff's substantial justification argument or the hourly rate sought for legal assistants, but argues that the fees sought for attorney time is unreasonable for two reasons: (1) the hourly rate for attorneys should be between $179.96 and

$183.65 depending on the month worked and based on the Chicago regional rate rather than national rate; and (2) the hours sought are excessive---plaintiff's counsel spent 64.2 hours on the appeal, but the government argues counsel should have spent only 60. In reply, the plaintiff agrees to the regional hourly rate proposed by the government, leaving as the only disputed issue 4.2 of the 64.2 hours worked.

The EAJA states that "a court may award reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States or any agency." 28 U.S.C. § 2412(b). Under the EAJA, a plaintiff is eligible to recover attorneys' fees if: (1) she makes a timely application for fees; (2) she is a prevailing party; (3) the Government's position was not substantially justified; and (4) no special circumstances makes an award unjust. 28 U.S.C. § 2412(d)(1)(A)-(B); *Comm'r, INS v. Jean*, 496 U.S. 154, 155 (1990); *Scott v. Astrue*, No. 08 CV 5882, 2012 U.S. Dist. LEXIS 19840, at *2 (N.D. Ill. Feb. 16, 2012).

The prevailing party has the burden of proving that the hours worked were reasonable. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). Courts should not grant fee requests that are "excessive, redundant, or otherwise unnecessary." *Id.* at 434. "While no precise rule or formula for determining what fees are reasonable exists, courts should avoid engaging in an arbitrary determination of how long a reasonable attorney would spend on certain matters." *Seabron v. Astrue*, 11 CV 1078, 2012 U.S. Dist. LEXIS 77216, at *4 (N.D. Ill. June 4, 2012) (internal citations omitted). The decision what fee to award is within the discretion of the district court. See 28 U.S.C. § 2412(d)(1)(C) ("The court, in its discretion, may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy."); *Hensley*, 461 U.S. at 436-37 ("The

district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment.").

The Commissioner contends that the attorneys' fees the plaintiff seeks are excessive and unreasonable because: (1) the issues presented by the plaintiff's appeal were not complex; (2) counsel used multiple attorneys and multiple legal assistants, which was duplicative and inefficient; and (3) the 64.2 hours spent on this case, including the more than 40 hours just reviewing the record and drafting the opening brief, falls outside the 20-40 hour norm. The plaintiff responds that the government relies mostly on cases from outside the Seventh Circuit to support its contention that attorneys normally spend only 20-40 rather than just over 60 hours on a social security appeal, and that numerous cases decided within the Seventh Circuit have found that 60-hour range falls within the reasonable range of attorney time for social security appeals. The plaintiff also asserts that the time spent by two attorneys and two legal assistants was split, not duplicated, and that the arrangement created efficiencies rather than was inefficient.

The Court agrees with the plaintiff. The Commissioner failed to "point out arguments that were unnecessary or excessive time spent on arguments properly made." *Bryan v. Astrue*, No. 08 CV 5472, 2010 U.S. Dist. LEXIS 10647, at *10 (N.D. Ill. Feb 8, 2010). To successfully challenge the number of attorney hours requested under the EAJA, the Commissioner should do more than speculate as to how many hours it should have taken an attorney to litigate the case. Mere conjecture that a particular case is routine and requires significantly less time to prepare is insufficient to overcome the evidence presented by the plaintiff justifying the attorney hours charged in this case. *Ibarra-Montufar v. Colvin*, No. 12 CV 736, 2013 U.S. Dist. LEXIS 173736, at *12-13 (N.D. Ill. Dec. 12, 2013) (rejecting the Commissioner's arguments to reduce

fees because the case was routine and the lead attorney was highly experienced in Social Security disability law).

This Court has previously determined "that 64.3 hours is not outside the realm of reasonableness, particularly for a child's social security disability case where the Plaintiff raised a substantial number of valid arguments." *Large v. Colvin*, No. 12 CV 50101, 2014 U.S. Dist. LEXIS 4037, at *8 (N.D. Ill. Jan. 13, 2014) (collecting cases finding that 40 to 60 hours of attorney time, and sometimes even over 80 hours, fall within the range of reasonableness); *Brazitis v. Colvin*, 11 CV 7993, 2013 U.S. Dist. LEXIS 164601, at *3 (N.D. Ill. Nov. 19, 2013) ("Spending a week on an opening brief does not seem inordinate, even where the record is relatively small and the arguments are routine, as they were here."). In this case counsel's work included about 43 hours spent reviewing a 660 page administrative record that included dozens of medical records and then drafting a brief presenting four arguments for reversing the decision denying her benefits, plus about another 13 drafting a reply disputing arguments that the ALJ's decision was supported by substantial evidence. A supervising attorney spent about 4 hours reviewing the opening brief and 2 reviewing the reply. The government has failed to point to any particulars that makes the 64.2 hours spent by plaintiff's counsel on this case unreasonable in light of the authority establishing that a similar amount of time spent on other child disability or even routine cases was reasonable. Where the Commissioner offers "no objective standard" and "no rationale" for concluding that the Plaintiff's attorneys' hours were excessive, a decision on whether the number of hours was reasonable would be arbitrary. *See O'Sullivan v. City of Chicago*, 484 F. Supp. 2d 829, 837 (N.D. Ill. 2007) (rejecting the defendant's objections because it failed to submit affidavits from experienced attorneys attesting to the time required to complete the challenged charges, which would have provided a legitimate basis for concluding that the

hours billed were excessive). The Court cannot reduce the number of attorney hours requested absent a clear indication why such a reduction is warranted. *Id*. The attorneys' billing statements reflects no double-billing for tasks. Accordingly, the Court will not reduce Plaintiff's attorneys' fee request based alone on "vague ideas of reasonableness." *Seabron*, 2012 U.S. Dist. LEXIS 77216 at *7; *see also O'Sullivan*, 484 F. Supp. 2d at 837.

As for the government's arguments that staffing the case with multiple attorneys and multiple legal assistants was inefficient, courts have found it entirely appropriate and within the realities of the market that senior attorneys guide and review the work of junior attorneys. *See Reed v. Astrue*, No. 08 CV 5604, 2010 U.S. Dist. LEXIS 15252, at *11 (N.D. Ill. Feb. 19, 2010). Based on the Court's review of counsel's time records, the senior attorney spent about 6 hours--- about 10% of the total time incurred--- reviewing the junior attorneys work. The Court finds, in its discretion, that this amount of supervisory time was reasonably incurred.

In its reply brief, plaintiff's counsel seeks an additional 3.2 hours spent preparing its reply in support of its motion for EAJA fees. Although the reply brief was necessitated by the government's arguments that counsel's time was unreasonable, the Court notes that the brief is short and mostly reiterates ground covered in the opening brief, specifically, cases within the Seventh Circuit establishing that 40-60 hours is a reasonable range of time spent on social security appeals. Given that the no new or complex issues were addressed, and that by that time the parties were disputing just 4.2 hours' work, 2 hours would have been a reasonable time to spend on the reply brief.

## CONCLUSION

Accordingly, and in an exercise of its discretion, the Court reduces the total attorney time sought from 67.4 to 66.2 to be compensated at the hourly rates on which the parties have agreed as follows:

| Work Performed | Time | Rate | Fee |
|---|---|---|---|
| January 2014 | .2 hours | $179.96 | $35.99 |
| June 2014 | 46.5 hours | $184.32 | $8,570.88 |
| July 2014 | 1 hour | $183.65 | $183.65 |
| October 2014 | 14.8 hours | $183.13 | $2,710.32 |
| December 2015 | 1.7 hours | $183.00 | $311.10 |
| March 2016 | 2 hours | $182.24 | $364.48 |
| Legal Assistant | 1.4 | $95 | $133.00 |
| **Total** | | | **$12,309.42** |

The fee award will initially be payable to Ms. Koelling pending confirmation that she owes no pre-existing debt to the Government, at which point the award will convert to being payable to Ms. Koelling's attorney. *See Claiborne ex rel. L.D. v. Astrue*, 877 F. Supp. 2d 622, 628 (N.D. Ill. Jul. 6, 2012).

Date: March 24, 2016          By: _____
                                  Iain D. Johnston
                                  United States Magistrate Judge